FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 25, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

PAULETTE M.,

        Plaintiff,

        v.

ANDREW M. SAUL,
COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

No. 2:20-CV-00123-JTR

ORDER GRANTING IN PART
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND
REMANDING FOR ADDITIONAL
PROCEEDINGS

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 16, 17. Attorney Chad Hatfield represents Paulette M. (Plaintiff); Special Assistant United States Attorney Ryan Lu represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURISDICTION**

Plaintiff filed an application for Supplemental Security Income on March 7, 2017, alleging disability since March 7, 2017, due to Hepatitis C, cirrhosis, depression, PTSD, anxiety, and history of incarceration. Tr. 64-65. The application was denied initially and upon reconsideration. Tr. 91-94, 98-100. Administrative Law Judge (ALJ) Mark Kim held a hearing on January 8, 2019, Tr. 30-62, and issued an unfavorable decision on March 6, 2019. Tr. 15-25. Plaintiff requested review of the ALJ's decision by the Appeals Council. Tr. 151-53. The Appeals Council denied the request for review on January 27, 2020. Tr. 1-5. The ALJ's March 2019 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on March 27, 2020. ECF No. 1.

**STATEMENT OF FACTS**

Plaintiff was born in 1968 and was 48 years old as of her alleged onset date. Tr. 24. She has a GED and some college courses and has worked primarily in telephone sales. Tr. 38, 56, 173, 272. She has a long history of substance use, and contracted Hepatitis C, which progressed to cirrhosis of the liver. Tr. 51-52, 272. She underwent Harvoni treatment which eliminated her active hepatitis infection, but she continued to require treatment and monitoring for cirrhosis. Tr. 370, 434, 439.

**STANDARD OF REVIEW**

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is

defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On March 6, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15-25.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: cirrhosis of the liver, hepatitis C, major depressive disorder, generalized anxiety disorder, memory impairment of unspecified etiology, personality disorder, and polysubstance abuse disorder. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18-20.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform a range of light work, with the following limitations:

> The claimant must never climb ladders or scaffolds. The claimant must avoid all exposure to hazards such as dangerous, moving machinery or unprotected heights. The claimant is limited to work tasks that are simple, routine, with a GED level of 2 or less. The claimant can handle occasional work setting changes, and cannot be involved in fast-paced work. The claimant can handle occasional and superficial interaction with the public.

Tr. 20.

At step four, the ALJ found Plaintiff had no past relevant work. Tr. 24.

At step five the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, specifically identifying the representative occupations of house sitter, small parts assembler, and collator operator. Tr. 24-25.

///

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date the application was filed through the date of the decision. Tr. 25.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by (1) improperly evaluating medical opinions; (2) failing to conduct an adequate step three analysis; (3) improperly rejecting Plaintiff's subjective complaints; and (4) making inadequate step five findings.

## DISCUSSION

### 1.    Plaintiff's subjective statements

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 16 at 18-20.

It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's

complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

        The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 21. The ALJ found Plaintiff's complaints were inconsistent with her level of daily activity and her significant history of noncompliance with treatment recommendations. Tr. 21-22.

        Plaintiff argues the ALJ overstated her activities and did not identify any actual inconsistencies with her allegations, and failed to consider whether her failure to comply with treatment recommendations resulted from her illness. ECF No. 16 at 18-20. Defendant argues the ALJ reasonably interpreted the record in finding Plaintiff's activities to be minimally limited and that her failure to follow treatment was a reasonable factor to consider in finding her reports unreliable. ECF No. 17 at 5-9.

        The Court finds the ALJ failed to offer clear and convincing reasons for disregarding Plaintiff's subjective complaints. A claimant's daily activities may support an adverse credibility finding if the claimant's activities contradict her other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). However, the ALJ failed to identify any activities that are contradictory to Plaintiff's allegations. The ALJ pointed only to Plaintiff's general ability to care for herself and her home and run minimal errands. Tr. 21. None of these activities are inconsistent with Plaintiff's allegations of fatigue and mental health limitations preventing her from working a full-time job. The Ninth Circuit has repeatedly found that the ability to perform these kinds of activities is not inconsistent with the inability to work:

///

///

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

> We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day.

*Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014). The ALJ did not point to any evidence of Plaintiff engaging in activities that are "consistent with overall light work." Tr. 21. Therefore, this does not constitute a clear and convincing basis for disregarding Plaintiff's subjective reports.

Unexplained or inadequately explained reasons for failing to seek medical treatment or follow a prescribed course of treatment can cast doubt on a claimant's subjective complaints. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); Social Security Ruling (SSR) 16-3p. However, SSR 16-3p makes clear that a claimant's complaints will not be deemed unreliable on this basis "without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints." SSR 16-3p. Examples of possible reasons include access and affordability, the individual's ability to structure their activities to minimize symptoms, or the impairment itself interfering with the individual's understanding regarding the importance of treatment. *Id.* The ALJ did not consider any explanation for Plaintiff's delays in treatment or her continued substance use. The record reflects Plaintiff's reports of having multiple stressors in her life that interfered with her ability to regularly get in for treatment. Tr. 332, 386, 403, 413. Her discharge from substance abuse treatment also notes the difficulty she faced in interrupting the cycle of addiction, and her history of poor self-management skills and impulsive behaviors. Tr. 277-78. Additionally, there were times that she was noted to be motivated for treatment, both due to long-term impact and current symptoms. Tr. 326, 373. Because the ALJ failed to

///

consider any possible explanations for Plaintiff's delays in treatment, this does not constitute a sufficient basis for disregarding her allegations.

On remand, the ALJ will reconsider Plaintiff's subjective reports.

## 2.    Medical opinions

Plaintiff argues the ALJ erred in evaluating the medical opinion evidence. ECF No. 16 at 10-16. She argues the ALJ improperly rejected the opinions from consultative examiner John Arnold, PhD, and treating provider Rebecca Steiner, ARNP, and failed to discuss a second opinion from Ms. Steiner. *Id.*

When a treating or examining physician's opinion is contradicted by another physician, the ALJ must offer "specific and legitimate" reasons to reject the opinion. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating their interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

An ALJ may discount the opinion of an "other source," such as a nurse practitioner, if they provide "reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

### a.    Dr. Arnold

Plaintiff attended a consultative psychological exam for Washington state Department of Social and Health Services in April 2016. Tr. 272-75. Dr. Arnold administered a clinical interview and mental status exam, and diagnosed Plaintiff with antisocial personality disorder, opioid use disorder in self-reported early remission, unspecified depressive disorder, unspecified anxiety disorder with PTSD features, and rule out somatic symptom disorder and borderline intellectual functioning. Tr. 273. He opined she was overall markedly impaired and had multiple moderate and marked limitations in specific areas of work-related functioning. Tr. 273-74.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 8

The ALJ gave this opinion very little weight, noting Dr. Arnold provided very little narrative rationale in support of the significant limitations assigned, and found the opinion was not consistent with Dr. Arnold's own evaluation or Plaintiff's daily activities. Tr. 22.

Plaintiff argues the ALJ was incorrect, as the clinical interview documented symptoms and mental status results supportive of the opinion. ECF No. 16 at 11. Plaintiff further asserts the ALJ did not offer any examples of Plaintiff's abilities that contradicted Dr. Arnold's opinion, and notes Plaintiff regularly showed difficulty communicating and concentrating. *Id.* at 11-12. Defendant argues the ALJ reasonably found the opinion inconsistent with the largely normal findings on exam and appropriately noted that Dr. Arnold provided little narrative rationale to justify the limits in light of the largely normal findings. ECF No. 17 at 11-12. Defendant further asserts the ALJ reasonably found a conflict between the opinion and Plaintiff's demonstrated activities, and notes that Plaintiff's alternative interpretation does not indicate the ALJ's interpretation was incorrect. *Id.* at 12-13.

The Court finds the ALJ did not err. The amount of explanation a source provides in support of their opinion is a specific and legitimate factor for an ALJ to consider. 20 C.F.R. § 416.927(c)(3). The ALJ reasonably interpreted Dr. Arnold's opinion as lacking in explanation for the marked limitations imposed. This interpretation is further supported by Dr. Eisenhauer's review of Dr. Arnold, wherein she noted the functional limits were not supported by the results of the exam. Tr. 259-60.

However, as this claim is being remanded for further proceedings, the ALJ shall reconsider the medical evidence in completing the five-step analysis.

b.    *Rebecca Steiner, ARNP*

Plaintiff's treating nurse practitioner, Rebecca Steiner, completed two statements regarding Plaintiff's disability status. In March 2018 she filled out a DSHS form, stating Plaintiff's conditions included cirrhosis, chronic migraines,

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 9

and memory impairment, causing mostly moderate limitations, and severe impairment in communicating due to her memory impairment. Tr. 424-25. She opined Plaintiff was unable to meet the demands of sedentary work. Tr. 426.

In December 2018, Ms. Steiner completed a second statement in which she noted the same diagnoses, along with mood disorder, heart murmur, and tobacco dependence. Tr. 440. She opined Plaintiff needed to lie down for 1-2 hours daily due to fatigue and headaches, and that full-time work would cause her to deteriorate due to her need for frequent rests to maintain baseline health. Tr. 440-41. Ms. Steiner further stated Plaintiff would be likely to miss four or more days of work per month, was severely limited and unable to perform even sedentary work, and would likely be off-task 30% of the time. Tr. 441-42. She stated her answers were based on conversations with Plaintiff, physical exam, and the existing medical record. Tr. 442.

The ALJ addressed the March 2018 statement and assigned it very little weight, finding it unsupported and inconsistent with the available evidence and noting Ms. Steiner offered no significant explanation. Tr. 23. The ALJ did not address the December 2018 opinion. Tr. 22-24.

Plaintiff argues the record demonstrates objective findings in Ms. Steiner's treatment records that support the assessed limitations. ECF No. 16 at 13-15. She further asserts the ALJ erred by failing to address the later opinion, as it was probative of Plaintiff's disability. *Id.* at 15-16. Defendant argues the ALJ reasonably found the first opinion inconsistent with available evidence and lacking in explanation, arguing the exam notes showed few abnormalities that would justify a total preclusion of even sedentary work. ECF No. 17 at 13-15. Defendant further asserts any error in not discussing the second opinion was harmless, as the opinions were largely identical, and thus the same reasons the ALJ offered for rejecting the March opinion applied to the December opinion. *Id.* at 15-16.
///

As this claim is being remanded for further proceedings, the ALJ shall reconsider all medical opinion evidence in completing the five-step process.

**3.      Step three**

Plaintiff argues the ALJ erred in failing to find Plaintiff's conditions, singly or in combination, met or medically equaled a listed impairment, specifically identifying Listing 5.05 for chronic liver disease and Listing 11.02 for epilepsy (regarding migraines). ECF No. 16 at 16-18.

At step three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 416.920(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If a claimant's condition meets or equals a Listing, the claimant is considered disabled without further inquiry. 20 C.F.R. § 416.920(d).

Listing 5.05 for chronic liver disease requires a showing of one of seven different specific sets of findings. 20 C.F.R. Part 404, Subpart P, Appendix 1, §5.05. Listing 11.02 requires a showing of seizures occurring at a certain frequency, despite treatment. *Id.* at §11.02. The ALJ found Plaintiff's conditions did not manifest the signs, symptoms, and findings required to meet or equal Listing 5.05, and noted no treating or examining physician had recorded such findings. Tr. 19. He did not discuss listing 11.02, but at step two found Plaintiff's migraines to be nonsevere. Tr. 18.

Plaintiff has advanced no argument as to how her conditions meet or equal any of the detailed requirements of either of these listings. ECF No. 16 at 16-18. The burden of proof is on the claimant to establish her condition meets or equals any of the impairments in the Listings. See *Tackett*, 180 F.3d at 1098. Therefore,

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 11

the Court finds no error. However, on remand, the ALJ will reconsider each of the steps in the five-step sequential evaluation process.

**4.      Step five**

Plaintiff argues that the ALJ erred in his step five determination because the testimony of the vocational expert was premised on an incomplete hypothetical stemming from an inaccurate residual functional capacity determination. ECF No. 16 at 20-21. Considering the case is being remanded for the ALJ to properly address Plaintiff's subjective symptom testimony and the medical opinion evidence, the ALJ will be required to make a new step five determination and call upon a vocational expert to provide testimony.

## CONCLUSION

Plaintiff argues the decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination.

The ALJ's decision is not supported by substantial evidence. On remand, the ALJ shall reevaluate Plaintiff's subjective complaints and the medical evidence of record, making findings on each of the five steps of the sequential evaluation process, obtain supplemental testimony from a vocational expert as needed, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1.      Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED IN PART**.

2.      Defendant's Motion for Summary Judgment, **ECF No. 17**, is **DENIED**.

3.      The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4.      An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED May 25, 2021.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 13